McGowan v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-359-CR

     HENRY LADALE McGOWAN,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-104-C
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Henry McGowan guilty of capital murder and, the State having waived the death
penalty, his punishment was mandatorily set at life imprisonment. See Tex. Penal Code Ann.
§§ 12.31, 19.03(a)(2) (Vernon 1994). By five points of error he claims that the evidence is
insufficient to support his conviction, that the court erred by failing to charge the jury on self-defense, and that the court improperly allowed his written confession into evidence. We will
affirm. 
      The victim, Joe Ricky Mendoza, died on November 12, 1993, from a gunshot wound to his
chest. The police investigation lead to McGowan, and he was arrested in January 1994. After
his arrest, McGowan gave the police a statement in which he confessed to shooting Mendoza
during an attempt to steal a cache of marihuana. The State introduced this statement into evidence
during McGowan's trial.
      In points one and three, McGowan claims that the evidence is insufficient to corroborate his
confession. An extrajudicial confession by the defendant alone is insufficient to support a
conviction unless corroborated by independent evidence of the corpus delicti of the offense. 
Emery v. State, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994); Gribble v. State, 808 S.W.2d 65,
70-71 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1232, 111 S.Ct. 2856, 115 L.Ed.2d 1023
(1991). In a capital murder prosecution, the confession must be corroborated as to both the
murder and the underlying felony. Id.; Tex. Penal Code Ann. § 19.03(a)(2). Thus, there must
be independent evidence indicating that the murder and underlying felony occurred. Fisher v.
State, 851 S.W.2d 298, 302-03 & n.3 (Tex. Crim. App. 1993). To be sufficient corroboration,
the independent evidence need only be "some evidence which renders the corpus delicti more
probable than it would be without the evidence." Emery, 881 S.W.2d at 705; Gribble, 808
S.W.2d at 72.
      McGowan confessed to murder in the course of a robbery. Thus, the confession must be
corroborated with respect to murder and robbery. To show the corpus delicti of murder, the State
must show (a) the death of a human being (b) caused by the criminal act of another. Fisher, 851
S.W.2d at 303; Self v. State, 513 S.W.2d 832, 834-35 (Tex. Crim. App. 1974). Robbery occurs
when, in the course of committing theft and with the intent to obtain or maintain control of
property, a person intentionally causes or threatens to cause bodily injury to another. Tex. Penal
Code Ann. § 29.02. An actual theft is not a requirement for robbery; rather, the corpus delicti
of robbery involves assaultive conduct in the course of theft or attempted theft. Crank v. State,
761 S.W.2d 328, 350 (Tex. Crim. App. 1988), cert. denied, 493 U.S. 874, 110 S.Ct. 209, 107
L.Ed.2d 162 (1989); Purser v. State, 902 S.W.2d 641, 646-47 (Tex. App.—El Paso 1995, no pet.
h.).
      Mendoza's mother identified her son in an autopsy photograph. Dr. Nizam Peerwani, the
Tarrant County Medical Examiner, testified that he preformed the autopsy, and that Mendoza died
from a gunshot wound to his chest. Dr Peerwani also stated that the weapon was fired from an
area "distant to the body," a distance he estimated to be at least thirty inches away. The first
police officer on the scene of the shooting testified that he did not find a weapon in the house. 
This evidence is sufficient to establish the corpus delicti of murder in the death of Joe Ricky
Mendoza. Fisher, 851 S.W.2d at 303.
      Becky Jordan, the sister of McGowan's girlfriend at the time of the offense, testified that
McGowan told her that "he was thinking about jacking Joe, or whoever was at that house." She
defined jacking as "to pull a knife or a gun on them . . . taking something from someone with
force." She confirmed that "jacking" was "like a robbery." These statements, admitted over
McGowan's hearsay objections, are admissible to show that McGowan subsequently acted in
accordance with his stated plan. Tex. R. Crim. Evid. 803(3); Green v. State, 839 S.W.2d 935,
942 (Tex. App.—Waco 1992, pet. ref'd); 2 S. Goode, O. Wellborn III & M. Sharlot, Guide
To The Texas Rules Of Evidence: Civil And Criminal § 803.7 (Texas Practice 1993). Thus,
Becky's testimony is "some evidence which renders the [robbery] corpus delicti more probable
than it would be without the evidence." Emery, 881 S.W.2d at 705; Gribble, 808 S.W.2d at 72;
Purser, 902 S.W.2d at 646-47. Cynthia Jordan, Becky's sister and McGowan's ex-girlfriend,
testified that McGowan told her "that he had went to the house to get marijuana from Joe Ricky,
and . . . he went in with a gun or something." McGowan also told Cynthia that he wore a mask
when he went into Mendoza's house. This evidence also corroborates McGowan's confession with
respect to robbery. Id. Thus, we conclude that there is sufficient evidence to corroborate
McGowan's statement. Points one and three are overruled.
      By point two, McGowan claims that the evidence is insufficient to establish that he
intentionally caused Mendoza's death because the State failed to disprove statements in his
confession that he claims indicate that he did not intend to kill Mendoza. However, the "voucher
rule," under which the State was required to disprove any exculpatory statements in the
defendant's confession admitted into evidence at the State's request, is no longer valid. Tex. R.
Crim. Evid. 607; Russeau v. State, 785 S.W.2d 387, 389-90 (Tex. Crim. App. 1990). 
Additionally, there are no exculpatory statements in McGowan's confession. In the relevant
portion of his confession, McGowan stated:
[Mendoza] stepped back and sat down in the chair. I asked him where is the weed at,
where is the weed at. He told me that he didn't have any. . . . Mark Harper had told me
that there was a shotgun in the house. I did not see a shotgun. When Joe Ricky was in
the chair, he moved like he was getting up. This spooked me. I thought he was going
to go to the bedroom to get the shotgun. This is when I shot Joe Ricky Mendoza. I first
thought that I shot him in the arm because he was saying, "Go check." He then put his
hands up on his chest and started coughing up blood. I then got scared and dropped the
gun and run out of the house. . . . 
McGowan claims that this portion of the confession demonstrates that he did not intend to kill
Mendoza. To the contrary, these statements indicate that he intended to shoot Mendoza to prevent
him from getting out of the chair. Thus, there is sufficient evidence for the jury to infer that
McGowan intended to cause Mendoza's death. Ross v. State, 861 S.W.2d 870, 873 (Tex. Crim.
App. 1992). Point two is overruled. 
      In point four, Mendoza claims that the court erred when it refused to submit a self-defense
charge to the jury. He premises this argument on his statements, set out above, that he had been
told that Mendoza had a shotgun in the house and that he thought Mendoza was preparing to arm
himself with it. The State characterizes McGowan's request that the trial court submit a self-defense instruction to the jury as "preposterous." We agree.
      A person is justified in using deadly force only when he has formed a reasonable belief that
the deadly force is immediately necessary to protect himself against another's use of unlawful
deadly force or to prevent the imminent commission of specified crimes of violence. Tex. Penal
Code Ann. §§ 9.31, 9.32; Riddle v. State, 888 S.W.2d 1, 6-7 (Tex. Crim. App. 1994); Werner
v. State, 711 S.W.2d 639, 644 (Tex. Crim. App. 1986). There is no evidence whatsoever to
indicate that McGowan's belief was reasonable or that his use of deadly force was necessary to
protect himself against unlawful deadly force. Id. Point four is overruled.
      In point five, McGowan argues that the court erred in allowing the State to use his confession
at trial because it was not freely and voluntarily made but, instead, was made in exchange for a
promise of leniency from the police. See Tex. Code Crim. Proc. Ann. art. 38.21 (Vernon
1979); Sossamon v. State, 816 S.W.2d 340, 345 (Tex. Crim. App. 1991). The determination of
whether a confession is voluntary is based on an examination of the totality of the circumstances
surrounding its acquisition. Penry v. State, 903 S.W.2d 715, 744 (Tex. Crim. App. 1995). At
a suppression hearing, the trial court is the judge of the credibility of the witnesses and the weight
to be given to their testimony. Id.; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). The judge may choose to believe any or all of the witnesses' testimony. Meek v. State,
790 S.W.2d 618, 620 (Tex. Crim. App. 1990). If the record supports the court's findings, they
will not be disturbed. Penry, 903 S.W.2d at 744; Romero, 800 S.W.2d at 543. If the findings
are supported by the record, the only question on appeal is whether the court properly applied the
law to the facts. Id.
      McGowan challenged the admissibility of his confession by a motion to suppress, alleging that
it was involuntarily given. The court denied his motion after a pre-trial hearing. The court found
that McGowan was not threatened or coerced by the police and that he was not directly or
indirectly promised any benefit by the police in exchange for his statement. The court also found
that he knowingly and intelligently waived his rights to remain silent and to consult with an
attorney. These findings are supported by the testimony at the pre-trial hearing. Dinkins v. State,
894 S.W.2d 330, 348-50 (Tex. Crim. App. 1995). Thus, the court did not abuse its discretion
in admitting McGowan's confession. Penry, 903 S.W.2d at 744; Romero, 800 S.W.2d at 543. 
Point five is overruled.
      Having overruled all of McGowan's points, his conviction is affirmed.
 
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 29, 1995
Do not publish